ROBINSON (UNITED STATES v.). See Cases Nos. 16,176–16,178.

## Case No. 11,968a.

### ROBINSON v. WILEY.

[Hempst. 38.] [1]

Superior Court, Territory of Arkansas. April, 1826.

ESTOPPEL—ACCOUNTS—PREVIOUS TRIAL— EVIDENCE—ADMISSIONS.

1. A party who does not bring forward and submit his claim for adjudication when he might do so, may nevertheless subsequently sue for and recover it, and the previous trial will be no obstacle.

2. The admissions or confessions of the party to the record are admissible in evidence.

Appeal from Conway circuit court, determined before Benjamin Johnson and Andrew Scott, Judges.

OPINION OF THE COURT. This was a suit brought by Abraham Wiley against Israel Robinson, before a justice of the peace, where Wiley obtained judgment for thirty-one dollars, from which Robinson appealed to the circuit court, and Wiley again obtained judgment for forty-five dollars, from which Robinson has appealed. The questions presented to this court, grow out of the bill of exceptions taken on the trial. The counsel for Robinson moved the court to exclude all the evidence given for Wiley, previous to a trial in another suit, wherein judgment was obtained by Robinson against Wiley. The account of Robinson upon which he obtained the judgment, is made a part of the bill of exceptions, and after carefully inspecting it, as well as the account of Wiley against Robinson, upon which he obtained the present judgment, we cannot perceive that they are for the same matters or embrace the same items, but are entirely different and distinct accounts. It is undoubtedly true, that if in the suit of Robinson against Wiley, the latter had brought his account forward, and had not withdrawn it

during the trial, he could never afterwards have instituted a suit on it; but this does not appear to have been the case. 2 Strange, 1259; 1 Starkie, Ev. 223; 6 Term R. 607; 2 Johns. 210, 227. We have no doubt, however, that the court erred in refusing Robinson permission to prove the admissions or confessions of Wiley. 2 Starkie, Ev. 22. The question asked the witness was legal and proper, and the answer should have gone to the jury, and for this error the judgment must be reversed. Reversed.